(48 Misc. Rep. 380.)

SOLOMON et al. v. WALDSTREICHER.

(Supreme Court, Appellate Term. October 27, 1905.)

LANDLORD AND TENANT—LEASE—CONSTRUCTION—EXPRESS COVENANTS.

A lease provided that the lessee would begin work at once to remove a violation pending against the premises in the tenement house department, and that he would comply with all regulations, and that, should he fail to begin work within 15 days after notice of any violation, the lease should be void. *Held*, that the 15-day clause had reference only to future violations, and not to the one pending when the lease was executed, and hence its provisions could not be invoked for the purpose of declaring the lease void for failure to begin work on the violation pending when the lease was made.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Petition by Louis A. Solomon and others against Louis Waldstreicher, as tenant. From a final order in the summary proceedings, awarding petitioners possession, the tenant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Spiro & Wasservogel (Isidor Wasservogel, of counsel), for appellant.

David W. Rockmore, for respondents.

SCOTT, P. J. The lease existing between the parties to this proceeding contained the following clauses:

"Furthermore, the party of the second part further covenants and agrees that he will do any and all necessary repairs in and about the premises demised at his own proper cost and expense, and that he will remove the violation now pending in the tenement house department against the bakery hereby leased, and will comply with the orders and rules of the said tenement house department of the city of New York. And, furthermore, the said party of the second part hereby agrees to comply with any and all rules, regulations, and orders of all the municipal departments of the city of New York, as far as the premises hereby leased are affected, and that should he fail to begin work within 15 days after notice of said violation or said order from the parties of the first part, that then and in that event this lease shall cease and be null and void from then on. The party of the second part is to begin work at once on the violation now pending against the said building by reason of the condition of the bakery, and is to repair the same to the satisfaction of the parties of the first part, as well as the tenement house department of the city of New York, and within 90 days after date is to have the said violation pending against said building because of the defective condition of the bakery removed, and to give notice of the removal of the said violation to the parties of the first part, and the party of the second part hereby consents to permit the said parties of the first part to enter the said demised premises, and to make any alterations and repairs to said building in which said demised premises are located, should the said parties of the first part be called upon or ordered by any of the municipal departments of the city of New York to make any repairs or changes in the building itself."

The lease was executed June 4, 1905. The tenant was proceeded against as a holdover. The claim of the petitioner as set up in his petition was that on July 5, 1904, an order and notice of a violation of the tenement house department was filed against the premises, that notice of such violation was given the tenant May 15, 1905, and that he

neglected and failed to begin the work necessary to be done in order to comply with the order of the department within 15 days, and that thereby the lease became null and void and the tenant held over without the permission of the landlord.

It will be observed that the lease contains two provisions; one having reference to a violation against the premises filed and pending when the lease was executed, and the other having reference to any violation which might be filed after the lease became operative. As to the provision having reference to the then pending violation the tenant was obligated to begin the work of removing the same "at once," to complete the same within 90 days, and give notice of the removal of such violation, etc. No condition or penalty is imposed by the terms of the lease for failure on the part of the tenant to comply with the provisions of this portion of the lease. Although, as before stated, the petition avers a violation and notice, failure to comply therewith, etc., subsequent to the date of the lease, the proof does not show any such violation. The testimony given and the letter of May 11, 1905, evidently relied upon by the landlord as the required 15 days' notice, refer wholly to the violation pending when the lease was executed. The disposition of such violation was provided for by that clause in the lease requiring the tenant to begin work therein "at once," etc. The 15-day clause in the lease first above quoted clearly has reference only to future violations, and not to the one pending when the lease was executed, and its provisions cannot be invoked for the purpose of declaring the lease void for failure to begin work, etc., upon the violations pending when the lease was made. The final order must therefore be reversed.

Final order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.